UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 3:11-cr-0024 (VLB) |
| | : | |
| MICHAEL KENNEDY | : | June 23, 2017 |
| | : | |

**MEMORANDUM OF DECISION DENYING MOTION TO TERMINATE
DEFENDANT'S TERM OF SUPERVISED RELEASE [DKT. NO. 193]**

Rule 32.1 of the Federal Rules of Criminal Procedure governs modification of a condition of supervised release. "A hearing is not required if . . . the relief sought is favorable to the person and does not extend the term of probation or supervised release." Fed. R. Crim. P. 32.1(c)(2)(B); *see also United States v. Bailin*, No. 05 CR. 48-01 (SWK), 2008 WL 4279521, at *1 n.1 (S.D.N.Y. Sept. 18, 2008). As a threshold procedural matter, Defendant is not entitled to a hearing on his motion because his motion seeks an order which reduces the term of supervision not increases or intensifies it.

Turning to the merit of the motion, Defendant is not entitled to a sentence reduction. Defendant's reliance on *United States v. Johnson*, 529 U.S. 53, 59 (2000), in support of his motion is unpersuasive. That case does not address the question of whether a defendant who is merely compliant with the terms of supervised release should be relieved of supervision sooner than the original sentence imposed. Rather, it addressed the question of whether supervision began when an inmate should have been released or when she was actually released. It was in that context that the Court addressed the purpose of

1

supervision, which could not be achieved while the inmate was incarcerated and not left to her own devices.

The law is clear and well established that the Defendant is not entitled to a reduction of his term of supervised release merely for complying with its terms. The Second Circuit made that explicit, stating that "[o]ccasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). This standard has been consistently applied in this circuit. Only "special, extraordinary, or unforeseen circumstance[s]" warrant early termination. *United States v. Bouchareb*, 76 F. Supp. 3d 478, 480 (S.D.N.Y. 2014) (quoting *United States v. Flores*, No. 99-cr-1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010)). "While [Defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998); *accord United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015); *United States v. Gonzales*, No. 94-cr-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015). Applying that standard, courts have held that it would be appropriate to modify a condition which hampered a defendant's ability to fulfill a condition of probation

or rehabilitee herself.  *See, e.g.*, *Whittingham v. United States*, No. 12-CR-0971 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017).

At the time of sentencing, the Court was aware that Mr. Kennedy had been residing in Romania prior to his return to the United States, initially had refused to leave Romania and return to face the subject charges, and had agreed to return only after the United States Attorney threatened to extradite him.  The Court was also aware that the term of supervision would necessarily mean that he would not be able to return to Romania until his sentence was served and that he would be separated from his family and friends in all likelihood.  The Defendant has not brought to the Court's attention any extraordinary circumstances not known and contemplated at the time of and which have arisen since the Court imposed the sentence.

In addition, the Court considered all of Mr. Kennedy's pre-conviction conduct at the time the sentence was imposed originally.  That conduct included the violent nature of the offense conduct and the extreme trauma inflicted on Mr. Kennedy's victims.   It is also the policy the Probation Office of the Eastern District of New York to object to a reduction in Mr. Kennedy sentence due to the violent nature of the offense, despite the fact that Mr. Kennedy has been compliant with the conditions of supervision and is supervised in the Low Intensity Unit.

The Defendant's request is based solely on the fact that he has been compliant with the terms of supervised released and, as contemplated at the time of sentencing, is separated from his family and friends.  He has not established

3

**any extraordinary circumstances which would make this one of the unusual cases in which a sentence reduction is warranted. Accordingly, the motion for a reduction in the term of supervised release is DENIED.**

**IT IS SO ORDERED.**

                                                      **/s/**
                                       **Vanessa L. Bryant**
                                       **United States District Judge**

**Dated at Hartford, Connecticut: June 23, 2017**